## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| UNITED STATES SECURITIES ) | |
| AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | |
| STEVEN C. WATSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff, United States Securities and Exchange Commission (the "Commission"), for its Complaint against Defendant Steven C. Watson (the "Defendant" or "Watson") alleges as follows:

## SUMMARY

1.      This case involves insider trading by the Defendant and Amit Kanodia ("Kanodia") in the securities of Cooper Tire and Rubber Company ("Cooper Tire"), prior to the June 12, 2013 announcement that Cooper Tire would be acquired by Apollo Tyres Ltd ("Apollo"), an Indian company. Kanodia obtained inside information about Apollo's potential acquisition of Cooper Tire from his wife, the then-general counsel of Apollo. Kanodia misappropriated this highly confidential information by tipping his close friend, the Defendant, among others. The Defendant then traded on this inside information to make significant illicit profits. In exchange for these tips, the Defendant later paid Kanodia a kickback.

2.      In or about late 2012, Apollo took efforts to acquire Cooper Tire. Apollo made several offers to buy all of Cooper Tire common stock, but Cooper Tire rejected these early

offers. By at least April 2013, however, Apollo and Cooper Tire had entered into serious acquisition negotiations.

3.　　By no later than the time that these April 2013 negotiations began, Kanodia had learned of the potential acquisition from his wife, who was intimately involved in the acquisition on behalf of her employer, Apollo. Kanodia tipped the Defendant, who then began to purchase significant amounts of Cooper Tire securities. Between approximately April 6 and June 11, 2013, the Defendant purchased approximately $370,000 worth of Cooper Tire stock and options.

4.　　On or about June 12, 2013, Apollo and Cooper Tire announced that Apollo would acquire Cooper Tire at a price of $35 per share. Following the announcement, Cooper Tire's stock price closed at $34.66 per share, up 41% from its June 11 closing price of $24.56. After the companies announced the acquisition, the Defendant liquidated his Cooper Tire holdings.  The Defendant realized almost $170,000 in ill-gotten profits, and also paid a portion of his profits to Kanodia. The Defendant's kickback was directed to a bank account that was held in the name of a supposed charity that Kanodia controlled.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

5.　　The Commission brings this action pursuant to the authority conferred upon it by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 78u(d)].  By knowingly and recklessly engaging in the conduct described in this Complaint, the Defendant violated and, unless restrained and enjoined by this Court, will again violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.  The Commission therefore seeks permanent injunctions against Defendant, enjoining him from engaging in the transactions, acts, practices, and courses of business alleged in this Complaint, disgorgement of all ill-gotten gains from the unlawful insider trading activity set forth in this Complaint, together with prejudgment interest,

and civil penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. 78u-1].  The

Commission also seeks any other relief that the Court may deem appropriate pursuant to Section

21(d)(5) of the Exchange Act [15 U.S.C. 78u(d)(5)].

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to Sections

21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. 78u(d), 78u(e) and 78aa].  The Defendant

has, directly or indirectly, made use of the means or instrumentalities of interstate commerce, or

the mails, or the facilities of a national securities exchange in connection with the acts, practices,

transactions, and courses of business alleged in this Complaint.  During the time of the conduct

at issue, shares of Cooper Tire were traded on the New York Stock Exchange ("NYSE").

7.     Venue is proper in this Court pursuant to Section 21(d), 21A and 27 of the

Exchange Act [15 U.S.C. 78u(d), 78u-1 and 78aa].  Certain of the acts, practices and transactions

and courses of business constituting violations alleged in this Complaint occurred within the

jurisdiction of the United States District Court for the District of Massachusetts.  Further, the

Defendant resides in Massachusetts.

## DEFENDANT

8.     **Watson**, 66, currently resides in Lynnefield, Massachusetts and is a consultant for

SW Associates.  As more fully outlined herein, the Defendant obtained inside information from

Kanodia, the husband of the general counsel of Apollo, and traded stocks and options in Cooper

Tire based on that inside information.

## OTHER RELEVANT ENTITIES

9.      **Cooper Tire** is an American Company that manufactures and markets replacement tires worldwide.  Cooper Tire was founded in 1913 and is headquartered in Findlay, Ohio.  Its common stock is listed on the NYSE under the symbol "CTB."

10.      **Apollo** is an Indian company that manufactures tires.  Apollo was founded in 1976 and is headquartered in India.  Its common stock is listed on the National Stock Exchange of India under the symbol "APOLLOTYRE."

11.      **Kanodia**, 48, currently resides in Brookline, Massachusetts. He is an entrepreneur and private equity investor and claims to be a trustee of Lincoln Charitable Foundation, a supposed charity. Kanodia received his Bachelor's and MBA degrees from University of Massachusetts Lowell. During the relevant time period, Kanodia was married to the general counsel of Apollo. As more fully outlined herein, Kanodia obtained inside information from his wife and illegally tipped that information to the Defendant, among others.

## FACTS

12.      Beginning prior to April 2013 and continuing through at least December 2013, the Defendant, together with Kanodia, knowingly decided to make money by purchasing and selling shares of Cooper Tire on the basis of material nonpublic information that Kanodia obtained from his wife concerning the possible acquisition of Cooper Tire by Apollo (the "Inside Information").

13.      Beginning prior to April 2013, Kanodia obtained the Inside Information from his wife.

14.      In violation of the duties of trust and confidence that Kanodia owed to his wife, and beginning prior to April 2013, Kanodia disclosed the Inside Information to the Defendant before the public announcement of the deal.  Kanodia disclosed the Inside Information to the

Defendant because of their personal relationship as friends and in furtherance thereof, and also with the understanding that the Defendant would use the Inside Information to purchase and sell securities and share the illegal profits with Kanodia.  The Defendant knew that Kanodia was conveying the Inside Information to him because of their friendship and with the understanding that he would share the profits from his trading with Kanodia.

15.     Thereafter, on various dates on or about and between April 6, 2013 and June 11, 2013 – and while in possession of the Inside Information – the Defendant purchased Cooper Tire shares and call options. At the time he made the trades, the Defendant knew that Kanodia had misappropriated the Inside Information.

a.      On various dates on or about and between April 6, 2013 and May 10, 2013, and while in possession of the Inside Information, the Defendant purchased a total of 15,000 shares of Cooper Tire.

b.      On various dates on or about and between June 7, 2013 and June 11, 2013, and while in possession of the Inside Information, the Defendant purchased $30 July Cooper Tire call options and $30 August Cooper Tire call options.

16.     On or about June 12, 2013, Apollo and Cooper Tire announced that Apollo would acquire Cooper Tire at a price of $35 per share. Following the announcement, Cooper Tire's stock price closed at $34.66 per share, up 41% from its June 11 closing price of $24.56.

17.     On various dates on or about and between June 18, 2013 and August 5, 2013, the Defendant liquidated all of his interests in Cooper Tire for a total profit of nearly $170,000.

a.      On or about June 18, 2013, the Defendant sold 10 $30 July Cooper Tire call options.

b.      On or about August 1, 2013, the Defendant sold 11,000 shares of Cooper Tire.

c.      On or about August 2, 2013, the Defendant sold 4,000 Cooper Tire shares and 40 $30 August Cooper Tire call options.

d.      On or about August 5, 2013, the Defendant sold his remaining 40 $30 August Cooper Tire call options.

18.     On or about December 30, 2013, and consistent with their agreement that Kanodia would share in the illegal trading profits, the Defendant paid Kanodia more than $22,000, which represented a percentage of his profits.

## FIRST CLAIM FOR RELIEF

### Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder

19.     The Commission realleges and incorporates by reference paragraphs 1 through 18, as though fully set forth herein.

20.     The information about the potential Cooper Tire acquisition, which Kanodia obtained from his wife and provided to the Defendant, was both material and nonpublic.

21.     The Defendant knew, recklessly disregarded, or should have known that the information Kanodia tipped to him was material and nonpublic.

22.     The Defendant knew, recklessly disregarded, or should have known that Kanodia owed a duty, or obligation arising from a similar relationship of trust and confidence, to keep the information confidential.

23.     The Defendant knew, recklessly disregarded, or should have known that the information he received from Kanodia was disclosed or misappropriated in breach of a duty or obligation arising from a similar relationship of trust and confidence.

24.     Nevertheless, the Defendant traded Cooper Tire securities on the basis of the material nonpublic information that he received from Kanodia and shared the illegal profits with Kanodia.

25.     At all times, the Defendant acted with the requisite scienter.

26.     By virtue of the foregoing, the Defendant, in connection with the purchase or sale of securities, by the use of the means or instrumentalities of interstate commerce, or of the mails, or a facility of a national securities exchange, directly or indirectly:

     a.     employed devices, schemes, or artifices to defraud;

     b.     made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     c.     engaged in acts, practices, or courses of business which operated or would have operated as a fraud or deceit upon persons.

27.     By virtue of the foregoing, the Defendant, directly or indirectly, violated, and unless enjoined, will again violate Section 10(b) of the Exchange Act [15 U.S.C. 78j(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] thereunder.

## RELIEF SOUGHT

**WHEREFORE**, the Commission respectfully requests that this Court enter a judgment:

### I.

Finding that the Defendant committed the violations alleged in this Complaint;

### II.

Permanently restraining and enjoining the Defendant from engaging in transactions, acts, practices, and courses of business described herein, and from engaging in conduct of similar

purport and object in violation of Section 10(b) of the Exchange Act [ 15 U.S.C. § 78j(b)] and

Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

## III.

Directing the Defendant to disgorge all ill-gotten gains received during the period of

violative conduct and pay prejudgment interest on such ill-gotten gains;

## IV.

Directing the Defendant to pay civil money penalties pursuant to Section 21A of the

Exchange Act [15 U.S.C. § 78u-1]; and

## V.

Granting such other and further relief as this Court may deem just and proper.

Dated: November 17, 2015

Respectfully submitted,

s/ Nicholas P. Heinke
Nicholas P. Heinke (Colo. Bar No. 38738)
Mark L. Williams (New York Bar. No. 4796611)
United States Securities and Exchange Commission
1961 Stout St., Suite 1700, Denver, CO  80294
Phone:          (303) 844-1000
                (303) 844-1071 (Heinke)
                (303) 844-1027 (Williams)
E-mail:         HeinkeN@sec.gov
                WilliamsML@sec.gov

*Attorneys for Plaintiff*
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION